WAY v. PRIEST, *Executor, Appellant.*

1.   Will, Construction of: LEGACY.  A clause of a will construed
     and held that a legacy of fifty-six thousand dollars bequeathed
     therein should bear six per cent. interest from the death of the
     testator.

2.   The rule as to the computation of interest in this case where
     there were part payments stated.

      *Appeal from St. Louis Court of Appeals.*

AFFIRMED

      *E. L. Farish* for appellant.

      (1)   Mrs. Way's legacy was to be paid in a certain
way, *i. e.,* by satisfaction out of notes that she might
select, and in order to make such legacy available it was
necessary that she should make the selection as provided
in the will.   This she never did.   (2) A general legacy,
though directed to be paid as soon as possible, or "as
soon as convenient," is not payable until one year after
the death or the grant of letters.  1 R. S., 1879, p. 37,
secs. 1 and 2 ; 2 Redfield on Wills, 466, 69 and 70 ;
*Webster v. Hale,* 8 Vesey ; *White v. Donnell,* 3 Md.
Ch. 524.   And such legacy in the absence of specific di-
rections in the will to the contrary, both as to the time
when such legacy is to be paid, and the rate of interest it
shall bear, bears interest only from the time it is due
and payable, that is, one year from date of letters, and at
the rate of six per cent. per annum, because that is the
rate fixed by law.

      *G. H. Shields* and *Glover & Shepley* for respondents.

      (1)   Assuming the legatee has elected to be paid
fifty-six thousand dollars in money, interest runs on that

amount from the death of the testatrix. The will expressly declares this. (2) Independent of the clause in the will to that effect the legacy would carry the stipulated interest on each note. 2 Redf. on Wills, 474, 486 ; *Taveau v. Ball*, 1 McCord (S. C.) Ch. 7 ; *Jones v. Ward*, 10 Yerg. 160 ; *Drayton v. Grinkie*, 1 Hill (S. C.) Ch. 224 ; *Barclay v. Wainright*, 14 Ves. 66. (3) A demonstrative legacy is entitled to increase and interest from death. *Parkinson v. Parkinson*, 2 Bradf. Sur. Rep. 77 ; *Pierrepoint v. Edwards*, 25 N. Y. 128 ; *Ludlam's Estate*, 13 Pa. St. 188. (4) A specific legacy vests at the death of the testator. *Proctor v. Robinson*, 35 Mich. 284 ; *Burd v. Burd*, 40 Pa. St. 182 ; *Eldridge v. Eldridge*, 6 Cush. 516. (5) The notes are specific legacies. *Richards v. Richards*, 9 Pierce Rep. 219 ; *Jacques v. Chambers*, 2 Call. Rep. 435 ; *Wallace v. Wallace*, 23 N. H. 149 ; *Perry v. Maxwell*, 2 Dev. (N. C.) Eq. 488. (6) But independent of all this the legatee is entitled to the order in this case under the first demand made on the executor, which was made one year and one month after the death of the testatrix.

NORTON, J.—This case is before us on appeal from the judgment of the St. Louis court of appeals affirming a judgment of the circuit court in favor of plaintiff for $3018.75. Defendant is the executor of Eliza Perry, deceased, who died leaving a will which contained the following clause :. "To Mary Ann, wife of James C. Way, of St. Louis, Missouri, the sum of fifty-six thousand dollars. In satisfaction of this legacy the said Mary Ann Way may select any notes secured by deed of trust which I may leave, whereof the principal sum shall not in the aggregate exceed the said sum of fifty-six thousand ($56,000) dollars, and these when so selected, my executor shall transfer and deliver to her in satisfaction of said legacy, or so much thereof as the said notes so selected shall amount to, together with such of the inter-

est notes of such principal sums as will make such principal bear interest from the date of my decease."

The legatee, Mrs. Way, having been paid by defendant at various times sums aggregating $63,000 on account of said legacy, claimed that a further sum by way of interest was due her, and on her motion an order was made by the probate court directing defendant to pay her the sum of twenty five hundred dollars. From this order defendant prosecuted an appeal to the circuit court, where a judgment was rendered in favor of plaintiff for $3018.75, and it is this judgment which is questioned by this appeal. The right to this judgment is dependent on the construction of the above clauses of the will. It was held by the court of appeals that "from the language of the will the testatrix intended that Mrs. Way should have $56,000, with interest from her death at the rate of six per cent., that being the rate fixed by law in the absence of anything indicating that a higher rate was to be paid." And "that the amount due Mrs. Way is to be ascertained by calculating the interest at six per cent. on $56,000 from the death of Mrs. Perry to the first payment, and deducting that payment from the sum ascertained ; on this balance interest at the same rate should be calculated to the date of the second payment, which should be deducted from the sum ascertained, and so on calculating interest on the balance found after the date of each payment."

We are of opinion that the said clause of the will was properly construed by the court of appeals and that the principal sum which was to bear interest from the time of her death relates only to the sum of $56,000 bequeathed. The application of the rule laid down for the ascertainment of Mrs. Way's interest would entitle her to a larger judgment than was obtained by her in the circuit court, but as this is an error in defendant's favor he cannot complain.

Judgment affirmed in which all concur.